UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE CHEFS' WAREHOUSE, INC. and DEL MONTE CAPITOL MEAT CO., LLC,<br><br>                  *Plaintiffs*,<br><br>v.<br><br>JOHN DEBENEDETTI, DAVID DEBENEDETTI, VICTORIA DEBENEDETTI, and THERESA LINCOLN,<br><br>                  *Defendants*. | Civ. Case No.: 1:18-cv-2811 (VSB)(OTW)<br><br>**ANSWER AND COUNTERCLAIM** |

Defendants John DeBenedetti, David DeBenedetti, Victoria DeBenedetti and Theresa Lincoln (collectively, "Defendants"), by and through their attorneys, Berger & Webb, LLP, for their answer to the Declaratory Judgment Complaint (the "Complaint") filed by plaintiffs The Chefs' Warehouse, Inc. ("Chefs") and Del Monte Capitol Meat Co., LLC (collectively, "Plaintiffs"), and for Defendants' Counterclaim, state as follows:

1. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1 of the Complaint to the extent they characterize the business of Chefs, deny that Defendants "were paid nearly $200 million," otherwise admit the allegations set forth in such paragraph, and refer the Court to the referenced transaction documents for a full recitation of the terms thereof.

2. Deny the allegations set forth in Paragraph 2 of the Complaint, and refer the Court to the referenced agreements for a full and complete recitation of the terms thereof, including the actual description of the business that was the subject of restrictive covenants.

3. Admit that the Defendants identified in Paragraph 3 of the Complaint were

92049.1

employed by Plaintiffs and, except as expressly admitted, deny the allegations set forth in such paragraph.

4. Deny the allegations set forth in Paragraph 4 of the Complaint.

5. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 5 of the Complaint.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6 of the Complaint.

7. Admit the allegations set forth in Paragraph 7 of the Complaint.

8. Admit the allegations set forth in Paragraph 8 of the Complaint.

9. Admit the allegations set forth in Paragraph 9 of the Complaint.

10. Admit the allegations set forth in Paragraph 10 of the Complaint.

11. Admit the allegations set forth in Paragraph 11 of the Complaint.

12. Admit the allegations set forth in Paragraph 12 of the Complaint.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 13 of the Complaint.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 14 of the Complaint.

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 15 of the Complaint.

16. Admit the allegations set forth in Paragraph 16 of the Complaint.

17. Admit the allegations set forth in Paragraph 17 of the Complaint.

18. Admit the allegations set forth in Paragraph 18 of the Complaint.

19. Admit the allegations set forth in Paragraph 19 of the Complaint.

20. Deny the allegations set forth in Paragraph 20 of the Complaint.

21. Admit the allegations set forth in Paragraph 21 of the Complaint to the extent they allege the timing of negotiations, contract execution and closing and, except as expressly admitted, deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in such paragraph.

22. Deny that Defendants "were paid nearly $200 million," admit the other allegations set forth in Paragraph 22 of the Complaint and refer the Court to the referenced transaction documents for a full recitation of the terms thereof.

23. Admit the allegations set forth in Paragraph 23 of the Complaint.

24. Admit the allegations set forth in Paragraph 24 of the Complaint and refer the Court to the Merger Agreement referenced therein (the "Merger Agreement") for a full recitation of the terms thereof.

25. Admit the allegations set forth in Paragraph 25 of the Complaint and refer the Court to the Merger Agreement for a full recitation of the terms thereof.

26. Deny the allegations set forth in Paragraph 26 of the Complaint and refer the Court to the Merger Agreement for a full recitation of the terms thereof.

27. Admit the allegations set forth in Paragraph 27 of the Complaint and refer the Court to the Merger Agreement for a full recitation of the terms thereof.

28. Admit that the Merger Agreement contained the quoted language as alleged in Paragraph 28 of the Complaint, and, except as expressly alleged, deny the allegations set forth in such paragraph.

29. Admit the allegations set forth in Paragraph 29 of the Complaint and refer the Court to the Asset Purchase Agreement referenced therein (the "APA") for a full recitation of the

terms thereof.

30. Admit the allegations set forth in Paragraph 30 of the Complaint, except deny that: (i) the non-competition covenant set forth in the APA applies to states where the Del Monte Entities (as defined in the Complaint) "had conducted business"; and (ii) the non-compete provision set forth in the APA barred certain Defendants from engaging in the business of "the sale and distribution of food products," and refer the Court to the APA for a full recitation of the terms thereof.

31. Admit the allegations set forth in Paragraph 31 of the Complaint and refer the Court to the APA for a full recitation of the terms thereof.

32. Deny knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 32 of the Complaint.

33. Admit the allegations set forth in Paragraph 33 of the Complaint.

34. Admit the allegations set forth in Paragraph 34 of the Complaint.

35. Admit the allegations set forth in Paragraph 35 of the Complaint.

36. Deny the allegations set forth in Paragraph 36 of the Complaint, except admit that Defendants have taken the position through counsel that the non-competition covenants at issue only preclude the Defendants from competing in certain counties in Northern California, and further state that Defendants subsequently acknowledged through their counsel that such covenants might extend to preclude certain activities by Defendants throughout California.

37. Repeat and reallege their responses to Paragraphs 1 through 36 of the Complaint.

38. Admit the allegations set forth in Paragraph 38 of the Complaint.

39. Deny that the Merger Agreement precludes defendants David DeBenedetti and Victoria DeBenedetti from competing "in the sale and distribution of food products in any state

in which a Del Monte Entity operated prior to the merger," otherwise admit the allegations set forth in Paragraph 39 of the Complaint, and refer the Court to the Merger Agreement for a full recitation of the terms thereof.

40. Deny the allegations set forth in Paragraph 40 of the Complaint.

41. Deny the allegations set forth in Paragraph 41 of the Complaint.

42. With regard to the allegations set forth in Paragraph 42 of the Complaint, admit that Defendants have taken the position through counsel that the non-competition covenants at issue only preclude the Defendants from competing in certain counties in Northern California and that such covenants by their terms are not limited to such counties, and further state that Defendants subsequently acknowledged through their counsel that such covenants might extend to preclude certain activities by Defendants throughout California.

43. Admit the allegations set forth in Paragraph 43 of the Complaint.

44. Admit the allegations set forth in Paragraph 44 of the Complaint.

45. Deny that the non-compete restriction set forth in the Merger Agreement precludes all competition related to "the sale or distribution of food products" and that, immediately prior to the signing of the Merger Agreement, the Del Monte Entities conducted business in any state other than California.

46. Repeat and reallege their responses to Paragraphs 1 through 45 of the Complaint.

47. Admit the allegations set forth in Paragraph 47 of the Complaint.

48. Deny that the APA precludes Defendants John DeBenedetti, Victoria DeBenedetti or Theresa Lincoln from competing "in the sale and distribution of food products in any state in which a Del Monte Entity operated prior to the asset purchase," otherwise admit the allegations set forth in Paragraph 48 of the Complaint, and refer the Court to the APA for a full recitation of

the terms thereof.

49. Deny the allegations set forth in Paragraph 49 of the Complaint.

50. Deny the allegations set forth in Paragraph 50 of the Complaint.

51. With regard to the allegations set forth in Paragraph 51 of the Complaint, admit that Defendants have taken the position through counsel that the non-competition covenants at issue only preclude the Defendants from competing in certain counties in Northern California and that such covenants by their terms are not limited to such counties, and further state that Defendants subsequently acknowledged through their counsel that such covenants might extend to preclude certain activities by Defendants throughout California.

52. Admit the allegations set forth in Paragraph 52 of the Complaint.

53. Admit the allegations set forth in Paragraph 53 of the Complaint.

54. Deny that the non-compete restriction set forth in the APA precludes all competition related to "the sale or distribution of food products" and that, immediately prior to the signing of the APA, the Del Monte Entities conducted business in any state other than California.

55. Repeat and reallege their responses to Paragraphs 1 through 54 of the Complaint.

56. Admit the allegations set forth in Paragraph 56 of the Complaint.

57. Deny the allegations set forth in Paragraph 57 of the Complaint.

58. Deny the allegations set forth in Paragraph 58 of the Complaint.

59. Deny the allegations set forth in Paragraph 59 of the Complaint.

60. With regard to the allegations set forth in Paragraph 60 of the Complaint, admit that Defendants have taken the position through counsel that the non-competition covenants at issue only preclude the Defendants from competing in certain counties in Northern California

and that such covenants by their terms are not limited to such counties, and further state that Defendants subsequently acknowledged through their counsel that such covenants might extend to preclude certain activities by Defendants throughout California.

61. Admit the allegations set forth in Paragraph 61 of the Complaint.

62. Admit the allegations set forth in Paragraph 62 of the Complaint.

63. Deny that the non-compete restriction set forth in the described employment agreement precludes all competition related to "the sale or distribution of food products" and that, immediately prior to the signing of the APA, the Del Monte Entities conducted business in any state other than California.

## AFFIRMATIVE DEFENSES

64. Plaintiffs' claims are barred by the doctrine of waiver.

65. Plaintiffs' claims are barred by the doctrine of estoppel.

66. Plaintiffs' claims fail to state a claim upon which relief may be granted.

## FACTS SUPPORTING COUNTERCLAIM

67. Pursuant to Section 4.7(b) of the Merger Agreement, Defendants David DeBenedetti and Victoria DeBenedetti agreed, for a period of five years following the closing of the subject merger, not to "engage, directly or indirectly, including through direct or indirect equity ownership, in any business competing or planning to compete with the Combined Companies' Business . . . in all States of the United States of America and all foreign jurisdictions where the Combined Companies' Business has operations or does business."

68. The Merger Agreement defined "Combined Companies' Business" as "the Business and the Company Sellers' Business combined."

69. The Merger Agreement defined "Business" as "the business conducted by [Del

Monte Capitol Meat Co., Inc.] immediately prior to the signing of this Agreement . . . ."

70.    The Merger Agreement defined "Company Sellers' Business" as "the business conducted by [TJ Seafood, LLC and TJ Foodservice Co., Inc.] immediately prior to the signing of this Agreement . . . ."

71.    Pursuant to Section 4.7(b) of the APA, Defendants John DeBenedetti, Victoria DeBenedetti and Theresa Lincoln agreed, for a period of five years following the closing of the subject merger, not to "engage, directly or indirectly, including through direct or indirect equity ownership, in any business competing or planning to compete with the Combined Companies' Business . . . in all States of the United States of America and all foreign jurisdictions where the Combined Companies' Business has operations or does business."

72.    The APA defined "Combined Companies' Business" as "the Business and the Del Monte Business combined."

73.    The APA defined "Business" as "the business conducted by [TJ Seafood, LLC and TJ Foodservice Co., Inc.] immediately prior to the signing of this Agreement . . . ."

74.    The APA defined "Del Monte Business" as "the business conducted by [Del Monte Capitol Meat Co., Inc.] immediately prior to the signing of this Agreement . . . ."

75.    Immediately prior to the signing of the Merger Agreement and the APA, the business conducted by Del Monte Capitol Meat Co., Inc., TJ Seafood, LLC and TJ Foodservice Co., Inc. was limited to the sale and distribution of primarily meat and seafood products.

76.    Immediately prior to the signing of the Merger Agreement and the APA, Del Monte Capitol Meat Co., Inc., TJ Seafood, LLC and TJ Foodservice Co., Inc. had operations and were doing business solely in California.

77.    On January 17, 2018, shortly after Chefs terminated the employment of

Defendant John DeBenedetti, Chefs delivered a letter to him which asserted, among other things, that Section 4.7 of the APA precluded him from competing with Chefs' business for a period of five years, in any states where Chefs does business.

78. In fact, as alleged above, Section 4.7 of the APA only precluded competition with the businesses of Del Monte Capitol Meat Co., Inc., TJ Seafood, LLC and TJ Foodservice Co., Inc. — not Chefs — in states where *they* did business immediately prior to the signing of the APA.

79. Outside counsel for Chefs doubled down on its plainly flawed contract reading via a letter to Defendants' counsel dated March 15, 2018, in which Chefs' counsel (Michele Beilke of Hunton Andrews Kurth LLP) asserted that the Defendants "are foreclosed from competing with [Chefs] anywhere in the United States and Canada."

80. As the Complaint reveals, Chefs ultimately abandoned the argument that the non-compete provisions in the Merger Agreement and APA at all refer to the business conducted by Chefs.

81. However, Plaintiffs still allege that Defendants are precluded from competing in the business of the "sale or distribution of food products," a much broader business category than primarily meat and seafood distribution, the only businesses that Del Monte Capitol Meat Co., Inc., TJ Seafood, LLC and TJ Foodservice Co. ever engaged in.

82. Moreover, Plaintiffs allege that Del Monte Capitol Meat Co., Inc., TJ Seafood, LLC and TJ Foodservice Co. "conducted business" in "California, Idaho, Alaska, Arizona, Connecticut, Hawaii, Illinois, Ohio, Michigan, Missouri, Texas and Nevada."

83. Section 8.3 of both the Merger Agreement and the APA requires the award of reasonable attorney fees, costs and disbursement to the prevailing party of any action arising out

of or relating to the Merger Agreement or APA, including any interpretation thereof.

## COUNTERCLAIM
### (Declaratory Judgment Against Plaintiffs)

84. Defendants repeat and reallege Paragraphs 1 through 83 above as if fully set forth herein.

85. Plaintiffs contend that the Merger Agreement and APA preclude Defendants from competing, for the relevant time frame, in the business of the "sale or distribution of food products."

86. As described above, the Merger Agreement and APA only preclude the Defendants from competing in businesses conducted by Del Monte Capitol Meat Co., Inc., TJ Seafood, LLC and TJ Foodservice Co. immediately prior to the signing of those two agreements, which businesses were only the sale and distribution of primarily meat and seafood products.

87. Plaintiffs contend that the Merger Agreement and APA preclude Defendants from competing "in states where [Del Monte Capitol Meat Co., Inc., TJ Seafood, LLC and TJ Foodservice Co.] conducted business," which Plaintiffs contend include Idaho, Alaska, Arizona, Connecticut, Hawaii, Illinois, Ohio, Michigan, Missouri, Texas and Nevada.

88. As described above, the Merger Agreement and APA only preclude the Defendants from competing in states where Del Monte Capitol Meat Co., Inc., TJ Seafood, LLC and TJ Foodservice Co. had operations or were doing business "immediately" prior to the signing of those two agreements.

89. As alleged above, immediately prior to the signing of the Merger Agreement and the APA, Del Monte Capitol Meat Co., Inc., TJ Seafood, LLC and TJ Foodservice Co. neither had operations nor were doing business outside of California.

90. Defendants desire to engage, prior to the expiration of the five-year period of the

contractual non-compete provisions, in businesses which may include the sale and distribution of primarily meat and seafood products outside of California, as well as the sale and distribution of food products in categories in which Del Monte Capitol Meat Co., Inc., TJ Seafood, LLC and TJ Foodservice Co. did not conduct business prior to the signing of the Merger Agreement and the APA.

91.  Accordingly, there exists an actual and justiciable controversy between the parties having adverse legal interests, which is not amenable to conventional remedies, and to which Defendants have no adequate remedy, or other form of action.

92.  Moreover, because of Defendants' desire to engage, prior the expiration of the five-year period of the contractual non-compete provisions, in businesses and in geographic areas which Plaintiffs contend are precluded by such provisions, this controversy is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

93.  Pursuant to 28 U.S.C. § 2201, this Court "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."

94.  By reasons of the foregoing, Defendants request this Court render a declaratory judgment setting forth the rights and obligations of the parties, including that the Merger Agreement and the APA only preclude the Defendants from pursuing competitive business opportunities in the business of primarily meat and seafood distribution in California.

92049.1

**WHEREAS**, Defendants demand:

A. Dismissal of the Complaint in its entirety;

B. The declaratory relief sought via the Counterclaim;

C. An award of reasonable attorney fees, costs and disbursements pursuant to the Merger Agreement and the APA; and

D. Such other and further relief as this Court deems just and proper.

Dated: May 18, 2018
      New York, New York

BERGER & WEBB, LLP

By:   S/Jonathan Rogin
       Steven A. Berger
       Jonathan Rogin

7 Times Square, 27th Floor
New York, NY 10036
Tel. (212) 319-1900
Fax. (212) 319-2017
sberger@bergerwebb.com
jrogin@bergerwebb.com

*Attorneys for Defendants*
